### HULETT v HULETT

Ohio Appeals, 2nd Dist, Franklin Co

No 2436.  Decided Oct 27, 1934

Paul M. Herbert, Columbus, for plaintiff in error.

Cockrell & Wright, Columbus, for defendant in error.

## OPINION

By KUNKLE, J.

Counsel during the argument of the case stated that a number of days were occupied in a hearing of certain phases of this case in the Court of Domestic Relations. We do not know what this testimony disclosed. We are in the dark as to the merits of the claims of these parties. No bill of exceptions has been filed.

The question seriously stressed by counsel for defendant is that there was no hearing of testimony upon the motion of plaintiff of April, 1933, and that the order of the court was based entirely upon a report of an investigating officer.

The first paragraph of the entry of April 11, 1934, supports the claim of the defendant that no sworn testimony was offered. The second paragraph of the entry, however, is susceptible of a different construction. This paragraph shows that the second branch of the defendant's motion was submitted upon the **evidence adduced in the hearing and from other information.** The latter evidently refers to the report of the investigating officer. The court found that the defendant was not a proper person to have the custody of these minor children.

The welfare of the children is the polar star in a case of this nature and if the finding of the trial court that the defendant is an unfit person to have the care and custody of these children was made upon the **evidence adduced** in the hearing and from other information, we would not be justified in disturbing such finding in the absence of a bill of exceptions.

If we had before us a transcript of what transpired upon the hearings in question

we would be in a position to do substantial justice between the parties.

It is also urged by counsel for defendant that the trial court erred in not permitting the oldest child to make a selection of the parent with whom he desired to live.

The record is silent upon this subject.

The only information we have from the record as to the age of the older child appears in the petition of the plaintiff. This states that the child was six and one-half years of age when the petition was filed.

The petition was filed December 13, 1929.

The entry granting the custody of the three children is dated May 18, 1933. As these are the only dates available in reference to the age of this child we can not escape the finding that the child in question was not quite ten years of age at the date the order in question was made.

We are also of opinion that the defendant is not in a position to raise certain questions which have been suggested. We can not escape the conclusion but that the various motions, etc., filed by defendant since May 18, 1933, are of such a nature as to waive certain of the questions suggested by counsel in the brief. The transcript of the docket and journal entries as above stated shows that on December 12, 1933, the defendant recognized the judgment of May 18, 1933, and filed a motion thereto.

On January 2, 1934, the defendant filed a motion directed against the judgment of May 18, 1933, and in which motion she asks that the former order of the court changing the custody of the minor children of plaintiff and defendant from defendant to plaintiff be set aside and that the defendant be given the care and custody of such children. This motion was heard upon affidavits and overruled February 13, 1934. February 21, 1934, the defendant filed a motion in two branches. The first branch asked that the order granting the custody of the children in question to the plaintiff be set aside and held for naught for the reasons stated therein. The second branch of the motion asked that in the event the first branch was overruled that then the custody of the children be given to the defendant. This motion was overruled in both branches as above stated on April 11, 1934.

In view of the fact that the defendant has repeatedly, as above shown, recognized the judgment of May 18, 1933, we think she has waived her right to raise some of the questions suggested by counsel.

We have considered all the questions suggested by counsel for defendant, but finding no error in the record which we consider prejudicial to plaintiff in error, the judgment of the lower court will be affirmed.

HORNBECK, PJ, and BARNES, J, concur.